RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 11/26/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JUSTIN THOMPSON, et al | CIVIL ACTION NO. 12-2609 |
| VERSUS | U.S. DISTRICT JUDGE TRIMBLE |
| RAWLINGS BROKERAGE COMPANY | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is defendant's motion to transfer venue, **Doc. # 5**, under 28 U.S.C. 1404(a). This suit arises out of a contract between plaintiffs and defendant for the purchase by plaintiffs of 6,252 tons of corn. Plaintiffs claim the corn was defective and that cattle fed the corn died. Some of the cattle were owned by third parties to whom plaintiffs had sold some of the corn. Suit was filed in Rapides Parish and removed t this court.

Defendant argues that venue should be transferred to Mississippi for the convenience of the parties under 28 U.S.C. 1404(a). It asserts that the owner of the company and employees are located there. Plaintiffs counter that they are in Louisiana and the persons to whom some of the defective corn was sold are in Deridder, Louisiana, Glenmora, Louisiana, and Stephenville, Texas.

A district court may transfer any civil action to any other district where it might have been brought "[f]or the convenience of parties and witnesses" and "in the interests of justice." A transfer is within the court's sound and broad discretion. Jarvis v. Exxon Corp., 845 F.2d 523, 528 (5th Cir. 1988); Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1998). Defendant bears the burden of establishing that the transferee forum is more convenient. Pateet v. Dow Chemical Co., 868 F.2d 1428, 1436 (5th Cir. 1989).

The preliminary question in a transfer case is whether the case could have been brought in either of the suggested venues. In this case, the parties agree that both this court and the Mississippi federal court are appropriate venues where the case might have been brought.

In deciding whether to transfer venue for the convenience of the parties, a court must consider the following factors[1]:

1) The relative ease of access to sources of proof,
2) The availability of compulsory process to secure the attendance of witnesses,
3) The cost of obtaining the attendance of witnesses,
4) Other practical problems that make trial of a case easy, expeditious and inexpensive,
5) Administrative difficulties flowing from court congestion,
6) Local interest in having localized issues decided at home,
7) Familiarity of the forum with the law that will govern the case, and
8) Avoidance of conflicts of laws.

Considering all of these factors which apply, the court is convinced that the interests of justice and convenience of the parties and witnesses do not require transfer. Defendant has failed in its burden to show that a Mississippi court is more convenient or that the interests of justice require transfer.

First, it appears that witnesses are located in Louisiana, Mississippi and Texas. Whether the trial is held in Louisiana or in Mississippi, some witnesses, including those in Texas are going to be inconvenienced. In other words, it will be more convenient for plaintiffs' witnesses if the trial is held here. It will be more convenient for defendant's witnesses if trial is held in Mississippi. It will be inconvenient for the other witnesses in either venue. Therefore, this factor is neutral in the analysis.

Similarly, the issue of compulsory process is neutral as is the cost of obtaining their presence.

---

[1] In re: Volkswagen of America, Inc., 545 F.3d 304 (5th C. 2008).

As to the fourth factor, the defendant has not suggested any other problems that would make the trial easier, more expeditious or inexpensive if it were to be held in Mississippi.

Likewise, the parties have not suggested that there are any administrative difficulties flowing from court congestion in either place. The remaining issues are likewise neutral.

The Fifth Circuit pointed out in In re Volkswagen, Inc., the burden is on the mover to show that venue should be transferred for the convenience of the parties, in the interest of justice, thus implicitly recognizing plaintiff's choice of forum as important, though expressly stating that it is not a separate factor to be weighed.

In this case, defendant has failed to show that venue should be changed for the convenience of the parties, in the interests of justice.

For the foregoing reasons, IT IS RECOMMENDED that motion, **doc. #5**, be denied.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 26th day of November, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE